UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>            Defendants. | Case No. 16-cv-05128-VC  (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff Steven Wayne Bonilla is a state prisoner who has filed a *pro se* petition for a writ of mandamus to compel disclosure by the Washoe County Sheriff's Office in the State of Nevada and Washoe County Sheriff's Sergeant James Lopey of telephone records related to Bonilla's state criminal case that they allegedly provided to a federal grand jury investigation. Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing.  Therefore, he may not proceed *in forma pauperis*.  Furthermore, he may not proceed even if he pays the filing fee because this court lacks jurisdiction to issue a writ of mandamus.  *See* 28 U.S.C. § 1361.  Section 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This Court cannot order the defendants to disclose telephone records because they are not an officer,

employee or agency of the United States.  A petition for a writ of mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).  And, contrary to Bonilla's argument, the Court knows of no authority holding, for purposes of mandamus jurisdiction, a state actor becomes a federal agent by providing information to a federal grand jury.

Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his state criminal conviction.  Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

Accordingly, this action is dismissed with prejudice because amendment would be futile.

The Clerk of the Court shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: September 19, 2016

VINCE CHHABRIA
United States District Judge